## ACTION TO COMPEL THE SETTING OFF OF HOMESTEAD.

Circuit Court of Cuyahoga County.

THE STATE OF OHIO, EX REL MINNIE DREHER, v. A. J. HIRSTIUS, SHERIFF.

Decided, May 31, 1910.

*Mandamus—Not Proper Remedy to Enforce Homestead Rights.*

Mandamus is not the proper remedy by which to require the sheriff to set off a homestead in lands under an order of sale in his hands.

*Toland & Pearson,* for plaintiff in error.
*Myers & Green,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action in mandamus to compel the sheriff to set off a homestead to the relator in certain premises under an order of sale in his hands. The case was originally begun in the common pleas court and is here on appeal. There appear to be three reasons why the relief prayed for should not be granted.

*First.* It is not at all clear that the mortgagee defendant did not desire the sale. In this respect the case differs from that of *Bernsee* v. *C. B. & W. H. Hamilton,* 6 C. C., 487.

*Second.* The relator has "a plain and adequate remedy in the ordinary course of the law." She can object to the confirmation of the sale or otherwise bring the matter to the attention of the court in the original case, and have its determination reviewed on error.

*Third.* Pending the appeal the sheriff sold the property and distributed the fund.

"If it is apparent that the writ if granted, can not be enforced by the court, relief will be withheld, since the courts are averse to exercising their extraordinary jurisdiction in cases where their authority can not be vindicated by the enforcement of process." *High on Extraordinary Remedies,* Section 14.

Writ refused and petition dismissed.